**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MIG HOLDINGS LLC, MADISON INTERNATIONAL INSURANCE COMPANY, I.I., MIICI EMPLOYEES, LLC, MADISON RE HOLDING COMPANY, INC. and MADISON RE INTERNATIONAL INSURER<br><br>Plaintiffs,<br><br>v.<br><br>MARK SIMS, ARAN QUINN, MARK BARWICK, JOHN BLOOM, MOUAD BOUGHAMZA, ANN MARIE CHAMBLISS, TIERRE EMERSON, CARTER SIMS, JOHN CHONG, and REESE ATTAR<br><br>Defendants. | Civil No. 26-1480 (MAJ) |

**RECOMMENDED STIPULATED ORDER**

This Stipulated Order was negotiated and agreed upon by the parties and adopted by the undersigned, and it is intended to cover the parties' agreement through the duration of the instant litigation. Because the parties waived in open court the filing of any objections to this recommended Stipulated Order, the Court could issue this Stipulated Order in an expedited fashion. Therefore, pursuant to the agreement reached by the parties today, I recommend that the Court issue the following Stipulated Order:

As defined below, collectively, the Client Lists, Bulk Export, Other Madison Information, and Specifically Identified Madison Information are the "Madison Information."

1. **Client Lists.** Defendants agree not to use the following Madison reports for the duration of the litigation: Contacts & Accounts, New Leads & Referrals, Campaigns (leads), Campaigns (contracts), and New Opportunities (collectively, the "Client Lists").

2. **Bulk Export.** Defendants agree not to use the May 19th bulk export (the "Bulk Export") for the duration of the litigation. The parties preliminarily agree to the

following protocol with respect to the device (the "Device") Defendant Carter Sims used to download the Bulk Export (the "Carter Protocol"):

a. Within two (2) business days, Defendant Carter Sims will place the Device by the quickest available FedEx delivery option for delivery to a third-party e-discovery vendor ("Vendor"), which shall be engaged by Plaintiffs for the purpose of the Carter Protocol.

b. The costs associated with the Vendor engaged for purpose of the Carter Protocol will be shared 50-50 between Plaintiffs and Defendants.

c. The Carter Protocol will be further mutually negotiated and agreed by the parties but will include the following:

i. The Vendor will perform a complete forensic image of the Device.

ii. The Vendor will apply mutually agreed upon search terms to the image.

iii. The Vendor will then provide a search term report and a deletion report related to the Bulk Export as soon as reasonably practicable.

iv. The Vendor will then send to Defendants the documents resulting from the search terms.

v. Defendants' counsel will review the documents for personal and non-responsive information within forty-five (45) days.

vi. After review, Defendants' counsel will provide Plaintiffs with the Madison Information.

d. If Defendants require additional time, they will file a status report with the Court providing the reasons therefore and seeking leave, which shall be given for good cause.

3. **Other Madison Information.** Defendants agree to provide declarations concerning the Madison information remaining on their personal devices. Those declarations will represent with reasonable specificity the nature of the Madison information (the "Other Madison Information").

a. After reviewing the declarations, Madison will advise each Defendant whether the information should be returned and/or deleted.

b. For the avoidance of doubt, "Other Madison Information" does not include any contacts on personal devices not derived from the Client Lists.

4. **Specifically Identified Madison Information.** For the purpose of this agreement, and to the extent that Defendants have the documents listed below, "Specifically Identified Madison Information" means the following tangible documents:

a. Plaintiffs' Exhibit 30

b. Plaintiffs' Exhibits 21; 34-40; and 52-53

c. Underwriting guidelines

d. Pricing guidelines

e. Investment guidelines

f. Policy forms

g. Actuarial analysis of company's portfolio

h. Actuarial analysis of insureds

5. **Nonsolicit.** For the duration of this litigation, Defendants agree not to use any of the Madison Information to solicit any of Madison's clients, including advisors and insureds.

   a. Solicitation is defined as: ARCA or any of its employees or agents contacting a Madison client directly.

6. **Avoidance of doubt.** For the avoidance of doubt, Defendants are permitted to use the ARCA website and use Amerisk as a vendor.

7. **Amerisk.** For the duration of the litigation, Defendants agree not to contact Amerisk for the use or access of Madison Information.

8. **Extension of the Order at Docket No. 21.** As it pertains to the Court's Order at Docket No. 21, the parties agreed to the following:

   It is hereby ORDERED that, pending further order of this Court, Defendants Mark Sims, Aran Quinn, Mark Barwick, John Bloom, Mouad Boughamza, Ann Marie Chambliss, Tierre Emerson, Carter Sims, John Chong, and Reese Attar, and their officers, agents, and employees, and ARCA are:

   a. ENJOINED from accessing, acquiring, using, disclosing, transmitting, copying, or destroying Madison's trade secrets, confidential information, or proprietary materials, in any form and by any means, ENJOINED from using Madison's trade secrets or confidential information, directly or indirectly, to solicit, service, contact, or divert Madison's clients, referral sources, prospects, or employees, and ENJOINED from making further use of any client, referral, or prospect list derived from Madison's records in connection with any event, town hall, presentation, mailing, or social media communication; **only with respect to the Madison Information**.

b. ENJOINED from accessing or attempting to access Madison's systems, accounts, credentials, databases, servers, or cloud environments, including without limitation Madison's Salesforce platform and ORDERED to return to Madison, within five (5) days of notice of this Order, all Madison-owned devices, equipment, and materials in their possession, custody, or control, and to submit such devices to non-destructive forensic inspection under a protocol to be agreed by the parties or, absent agreement, set by the Court.

c. ORDERED to preserve all potentially relevant electronically stored information and documents, and ENJOINED from deleting, wiping, resetting, altering, concealing, or disposing of any such information, including electronic mail, messaging applications, cloud storage, and device images; **subject to the Carter Protocol and any instruction by Plaintiffs pursuant to paragraph (3)(a).**

9. **Reservation of Rights.** Each party reserves the right to raise and pursue all claims and defenses in litigation.

**IT IS SO RECOMMENDED.**
In San Juan, Puerto Rico, this 26th day of August 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge